# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY AUTRY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 23-1501** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## PROPOSED ORDER

**AND NOW**, this _____ day of _____, 2023, upon consideration of Defendants' Motion to Dismiss for Failure to State a Claim, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**, and all claims against Defendants are **DISMISSED.**

                      **AND IT IS SO ORDERED**

                      _____
                      **Paul S. Diamond, J**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY AUTRY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 23-1501** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

Defendants the City of Philadelphia (the "City"), Prison Commissioner Blanche Carney, Warden Pierre Lacombe, William Vetter, and Romando Nicholls (collectively, "Defendants") hereby file this Motion to Dismiss for Failure to State a Claim ("Motion"). In support of this Motion, Defendants incorporate the attached Memorandum of Law.

Date: May 23, 2023

Respectfully submitted,

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY AUTRY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 23-1501** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants the City of Philadelphia (the "City of Philadelphia" or "City"), Prisoner Commissioner Blanche Carney, Warden Pierre LaCombe, Deputy Warden William Vetter, and Correctional Officer Romando Nicholls (collectively, "Defendants"), respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim.

### I.   BACKGROUND

This civil-rights case concerns allegations that the Plaintiff was injured during a physical altercation with two other inmates in August 2022. Plaintiff alleges that while incarcerated in PICC, a Philadelphia Department of Prisons facility, Plaintiff was attacked by two other inmates housed together nearby. *See, e.g.*, Compl. ¶ 20, ECF No. 1. More specifically, Plaintiff alleges that he "was stabbed with an

1

unknown object," after which he was transported to the PICC medical unit and then an outside facility to receive further care. *Id.* ¶¶ 21–23. Although Plaintiff alleges that "[p]rior to the attack on Plaintiff, Inmates Wingfield and/or Watson engaged in conduct that required them to be kept separate and segregated from other inmates like Plaintiff," *id.* ¶ 29, Plaintiff fails to provide any supporting factual details, such as the conduct that Wingfield and/or Watson engaged in, why the conduct required them to be kept separate and segregated, who within PDP had knowledge of this prior conduct, and when prior to the attack the conduct in question occurred.

Further, although Plaintiff alleges that Defendant Nicholls was assigned to monitor the areas where Plaintiff, Wingfield, and Watson were housed that day, *id.* ¶ 18, the Complaint lacks any non-conclusory allegations that Nicholls knew Winfield and Watson posed a danger to Plaintiff.  Nor does Plaintiff allege in a non-conclusory fashion that Defendant Nicholls was present for the actual attack, that Nicholls had a realistic opportunity to intervene more quickly than he did, or hat Nicholls refused to intervene more quickly than he did despite the clear opportunity for him to do so.  Although Plaintiff also brings claims against Defendants Carney, LaCombe, and Vetter, Plaintiff's Complaint is lacking in specific allegations as to each of their personal participation in the incident specifically involving Plaintiff.  Finally, while Plaintiff brings a *Monell* claim against the City of Philadelpia, that claim is based on dissimilar previous alleged incidents that lack any connection to

Plaintiff's injury and on boilerplate and conclusory allegations concerning an alleged failure to discipline, supervise, and/or train.

## II.   ARGUMENT

### A.   The Court Should Dismiss Plaintiff's Claims in Full Against Carney, Lacombe, and Vetter for Lack of Alleged Personal Participation and as Redundant.

It is well established that liability under section 1983 "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Rather, a plaintiff must allege that "[a] defendant in a civil rights action" was "personal[ly] involve[d] in the alleged wrongs." *Rode*, 845 F.2d at 1207–08. Moreover, the plaintiff must specifically "allege the particulars of conduct, time, place, and person responsible" for adopting an allegedly unconstitutional policy. *Hampton v. Wetzel*, No.15-cv-898, 2019 WL 626423, at *4 (M.D. Pa. Feb. 14, 2019). In the prison context, merely that individual defendants "operate" a facility in which the plaintiff is housed and "their awareness of the 'situation' does not adequately allege their personal involvement, whether on an individual or supervisory level." *Nunez v. Pistro*, No. 21-cv-0995, 2021 WL 2936032, at *2 (E.D. Pa. July 13, 2021).

Plaintiff here improperly attempts to hold Defendants Carney, Lacombe, and Vetter liable based on their supervisory roles at PDP. But where, as here, a "complaint does not plead any facts from which [a c]ourt could infer actual

3

knowledge or indifference to the risk or any facts about the [alleged] policy deficiencies," a plaintiff's individual capacity claims must fail as a matter of law. *Moore v. City of Phila.*, No. 14-cv-133, 2014 WL 859322, at *5 (E.D. Pa. Mar. 5, 2014); *see also, e.g.*, *Blakey v. Pistro*, No. 21-cv-572, 2021 WL 1721579, at *2 (E.D. Pa. Apr. 29, 2021) (dismissing claim because "Mr. Blakey ha[d] not alleged how Warden Pistro was involved in the conduct that led to his injuries"); *Serrano-Serrano v. Wolfe*, No. 11-cv-02257, 2012 WL 629741, at *4 (M.D. Pa. Jan. 20, 2012) (dismissing the plaintiff's claims because the "plaintiff ha[d] not pleaded any facts to support an inference that defendant Doll was personally involved in or aware of the plaintiff's situation"), *report and recommendation adopted*, No. 11-cv-2257, 2012 WL 638798 (M.D. Pa. Feb. 27, 2012).

To the extent that Plaintiff's Complaint includes a sentence or two as to each of these Defendants' general job duties and/or areas of responsibility, Compl. ¶¶ 4–6, those allegations are conclusory and boilerplate, and thus must be disregarded. Indeed, these allegations are highly similar to those that courts have routinely rejected as insufficient. *See, e.g.*, *Serrano-Serrano*, 2012 WL 629741, at *4 (granting dismissal where the plaintiff put forth only "conclusory allegations and the plaintiff ha[d] not pleaded any facts to support an inference that [the] defendant . . . was personally involved in or aware of the plaintiff's situation."), *report and recommendation adopted*, No. 11-cv-2257, 2012 WL 638798 (M.D. Pa. Feb. 27,

2012); *Est. of Guerrero v. Crowther*, No. 16-cv-00857, 2017 WL 1288565, at *3 (D. Utah Apr. 6, 2017) ("Plaintiffs **offer only conclusory statements regarding Crowther's knowledge of the general propensity of violent inmates and his authority as warden to execute policy and procedure. It is the Plaintiffs' burden at the pleading stage to allege sufficient facts to support their claims that Crowther had personal involvement** in the events that led to the violation of Guerrero's constitutional rights.").

Finally, Plaintiff may not circumvent pleading requirements by alternatively naming Defendants in their official capacities. It is well established that where a plaintiff has also brought a *Monell* claim, that plaintiff's claims against individual defendants in their official capacities must be dismissed as redundant. *See, e.g.*, *Snell v. City of York*, 564 F.3d 659 (3d Cir. 2009) ("Courts within the Third Circuit have ruled that claims against an official in his or her official capacity are redundant with the claims against a municipality that employs the official, and should therefore be dismissed."). The same principle compels dismissal of the claims against Defendants in their official capacities in this case.

Accordingly, the Court should dismiss each of Plaintiffs' claims against Defendants Carney, Lacombe, and Vetter, in both their individual and their official capacities in full.

### B. The Court Should Dismiss Counts I through III Because Plaintiff Has Failed To Allege that His Constitutional Rights Were Violated.

In Counts I through III, Plaintiff seeks to bring constitutional claims based on the alleged failure to protect Plaintiff from violence of other inmates. Prison officials have a duty to take reasonable measures to protect inmates from other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994). However, not every failure of prison officials to prevent an assault by one inmate against another violates the Constitution. *Patterson v. Walrath*, No. 94-cv-2451, 1994 WL 328353 (E.D. Pa. 1994). In the context of injury inflicted on one prisoner by another, prison officials can only be held liable if they are deliberately indifferent to a substantial risk of serious harm to one incarcerated person by another. *See Beers Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 837).

Here, although Plaintiff's Complaint includes language suggesting that, "[a]s a result of the prior [unspecified] conduct of Wingfield and/or Watson, Defendants knew or had reason to know inmates Wingfield and/or Watson would attack Plaintiff.," Compl. ¶ 32, such boilerplate and conclusory allegations are not entitled to the presumption of truth. For instance, Plaintiff's Complaint is entirely devoid of any supporting detail on key issues such as *inter alia* what types of threats Wingfield and Watson previously made, when they had made such threats, whether the threats were credible, and to whom the threats were made. Without such supporting factual detail, "the Court cannot plausibly infer that" *any* Defendant, let alone *all*

6

Defendants, "should have known that Plaintiff was in danger prior to the actual assault[]" or that any Defendant was "deliberately indifferent to such a danger." *Sansevero v. Cnty. of Mercer*, No. 22-cv-1977, 2023 WL 1470270, at *2 (D.N.J. Feb. 1, 2023); *see also, e.g.*, *Dennis v. Smith*, No. 20-cv-00017, 2022 WL 4289021, at *15 (W.D. Pa. Aug. 2, 2022) ("The remainder of Plaintiff's allegation is conclusory and not supported by any factual assertions showing if and when Varner was put on notice of a substantial risk of serious future harm to Plaintiff."), *report and recommendation adopted*, No. 20-cv-00017, 2022 WL 3644135 (W.D. Pa. Aug. 24, 2022).

Moreover, although a prison official may also be found to have acted with deliberate indifference if "when an attack occurs, he or she has 'a realistic and reasonable opportunity to intervene' but 'simply refuse[s] to do so,'" *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002)), Plaintiff's Complaint is devoid of non-conclusory allegations to support such a theory of liability in this case.  As an initial matter, the only factual allegation that even conceivably connects *any* Defendant to the physical location surrounding the altercation is that, "[o]n the same date, Defendant Corrections Officer Romando Nicholls was assigned to monitor block H1 for the 3pm to 11pm shift."  Compl. ¶ 18.  But the mere fact that someone may have been assigned to monitor that unit hardly supports the conclusory allegation that Nicholls was

7

"physically present at the scene of the attack." *Id.* ¶ 64. Not does it allow the Court to reasonably infer that Nicholls had a reasonable opportunity to intervene before he did or that Nicholls refused to intervene at his first available opportunity.

### C. The Court Should Dismiss Count IV Because Plaintiff Has Failed To State a *Monell* Claim.

Because Plaintiff has failed to plead successfully an underlying violation of his constitutional rights, Plaintiff's *Monell* claim against the City in Count IV must automatically fail. *See, e.g.*, *Bowser v. Borough of Birdsboro*, No. 11-cv-598, 2011 WL 4479596 at *2 (E.D. Pa. Sept. 27, 2011) ("Because the plaintiff has not demonstrated that her constitutional rights were violated, these [*Monell*] claims fail as a matter of law."); *cf. Watson v. Methacton Sch. Dist.*, 513 F. Supp. 2d 360, 379 (E.D. Pa. 2007) (holding that a plaintiff's inability "to establish liability under § 1983 under a theory of state-created danger, precludes a Monell claim").

However, even if Plaintiff could make out some underlying constitutional violation, he still would fail to satisfy the additional hurdles required for municipal liability. This is separately fatal to Plaintiff's claims because "[f]or municipal liability to attach, the plaintiff must prove both that a violation of due process . . . occurred, and that municipal liability is warranted under a Monell analysis. *J.H. v. City of Phila.*, No. 06-cv-2220, 2008 WL 3983269, at *8 (E.D. Pa. Aug. 19, 2008) (emphasis added).

8

To hold a municipality liable under section 1983, the plaintiff must prove that his rights were "violated as a result of a municipal policy or custom of deliberate indifference" to the rights of its citizens. *Estate of Henderson v. City of Phila.*, 1999 U.S. Dist. LEXIS 10367 *54-55 (E.D. Pa. 1999) (citing *Simmons v. City of Phila.*, 947 F.2d 1042, 1064 (3d Cir. 1991)). In the absence of any unconstitutional statute or rule, it is Plaintiffs' burden to articulate a factual basis that demonstrates considerably more proof than a single incident. *House v. New Castle Cty.*, 824 F. Supp. 477, 486 (D. Del. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) for the proposition that a single prior incident is insufficient as a matter of law to establish liability on the part of a municipality to take preventive action).

Here, although Plaintiff cites to a handful of examples of other inmate-upon-inmate assaults, each of the examples set forth in the Complaint stem from wildly different circumstances and allegations to the alleged incident involving Plaintiff. For instances, these examples include allegations of incidents where guards did not find a victim of an assault until four hours later, a specific complaint of abuse by an incarcerated individual "fell upon deaf ears," and that officers placed an inmate known to have sexually assaulted another inmate into a cell with another vulnerable victim, whom the inmate proceeded to assault that very same day as well. Compl. ¶ 30. Absent a significant number of sufficiently similar incidents, dismissal of Plaintiff's *Monell* claim is warranted.

Moreover, although Plaintiff alleges that these other cited inmate-upon-inmate attacks occurred in PDP facilities because "[t]he City of Philadelphia has a history of understaffing and failing to protect inmates like Plaintiff from known, dangerous inmates, failing to monitor inmates for inmate safety, and failing to ensure that security protocols are being followed to ensure inmate safety," *id.*, Plaintiff fails to connect these alleged, albeit vague, systemic failures to his own altercation with Wingfield and Watson. For instance, there is no allegation that the reason the assault took place and was not otherwise prevented is because the facility was understaffed and did not have a guard assigned to the housing area on the date in question. Likewise, although Plaintiff generically references "safety protocols," he fails to explain (1) what specific safety protocols were at issue; (2) which alleged prior incident(s) included in the Complaint were caused by these specific safety protocols; (3) who failed to follow which, if any, safety protocols; and (4) how the failure to follow these safety protocols caused Plaintiff's injury.

Absent well pled allegations, Plaintiff's invocation of boilerplate language regarding a failure to "train," "supervise," or "discipline," cannot save Plaintiff's *Monell* claim from dismissal. To start, Plaintiff's "conclusory allegations of [a] failure to train are deficient . . . because [Plaintiff has] alleged nothing suggesting a failure to train," *Harper v. Cty. of Del.*, 779 Fed. App'x 143, 147 (3d Cir. 2019), and Plaintiff has failed to "specify the particular manner in which such training

10

supposedly fell short," *Castillo-Perez v. City of Elizabeth*, No. 11-cv-6958, 2014 WL 1614845, at *7 (D.N.J. Apr. 21, 2014). *See also, e.g.*, *Thomas v. City of Chester*, No. 15-cv-3955, 2016 WL 1106900, at *4 (E.D. Pa. Mar. 21, 2016) (citations omitted) (dismissing the plaintiff's failure-totrain claim because the "plaintiff merely aver[red] that the City failed to adequately train and supervise the police officer defendants, and that [the] Commissioner . . . was responsible for training the police officers").

The same is true with respect to Plaintiff's allegations regarding a failure to supervise or discipline or to enact unspecified policies. *See, e.g.*, T*irado v. Montgomery Cty.*, No. 12-cv-00552, 2013 WL 1285487, at *8 (E.D. Pa. Mar. 29, 2013) (dismissing failure-to-supervise claim where "the Complaint contains no facts related to the supervision of [particular employees] other than the conclusory statements that Montgomery County did not properly train or supervise"); *Kipp v. Allegheny Cty.*, No. 11-cv-1553, 2012 WL 1463309, at *4 (W.D. Pa. Apr. 27, 2012) (citation omitted) ("The Amended Complaint asserts that Rustin adopted a similar 'failure to discipline' policy with respect to violations of the medical treatment policy. However, there are no actual 'facts' pled in support of [the] allegation."). A *Monell* claim based on these theories cannot succeed without supporting factual allegations to render them plausible.

11

Further, reliance on these theories to establish *Monell* liability requires showing patterns of constitutional misconduct *caused by these same deficiencies* sufficient to put the policymaker on notice of the alleged training, supervision, or discipline deficiencies. *See, e.g., H.U. v. Northampton Area Sch. Dist.*, No. 20-2996, 2021 WL 4810170, at *3 (3d Cir. Oct. 15, 2021) (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)); *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998); *Williams v. Del. Cty. Bd. of Prison Inspectors*, No. 17-cv-4348, 2018 WL 4558190, at *12 (E.D. Pa. Sept. 20, 2018). For instance, in *H.U. v. Northampton Area School District*, the U.S. Court of Appeals for the Third Circuit considered a failure-to-train claim in a case involving the sexual assault of a student on "on a school van operated by Colonial Intermediate Unit 20 ('CIU 20')." Id. at *1. In affirming dismissal, the court explained that the CIU20 was not put on notice of a need for additional training absent "prior incidents of student sexual assault on school transportation, let alone sexual assaults amounting to constitutional torts." *Id.* at *3; *see also, e.g.*, *id.* at *4 (noting the significance of the fact that "no such assault had ever occurred at CIU 20 before"). Similarly, here, Plaintiff has failed to connect any of the alleged prior, albeit dissimilar, incidents of inmate-on-inmate assaults to any systemic deficiency in training, supervision, or discipline. Nor has Plaintiff connected his own incident to such deficiency.

Because Plaintiff's allegations supporting his *Monell* claim are conclusory and boilerplate, such claim fails as a matter of law and should be dismissed by the Court.

### III.  CONCLUSION

For the reasons set forth above, the Court should grant Defendants' Motion to Dismiss for Failure to State a Claim and dismiss Plaintiffs' Complaint in its entirety.

Date: May 23, 2023                                          Respectfully submitted,

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY AUTRY,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 23-1501** |
| : | |
| **CITY OF PHILADELPHIA, et al.** : | |
| : | |
| **Defendants.** : | |

## CERTIFICATE OF SERVICE

I certify that, on the date below, Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim was filed via the Court's electronic filing system and is available for viewing and download.

Date: May 23, 2023               Respectfully submitted,

                                 */s/ Danielle B. Rosenthal*
                                 Danielle B. Rosenthal
                                 Deputy City Solicitor
                                 PA Bar No. 329676
                                 City of Philadelphia Law Department
                                 1515 Arch Street, 14th Floor
                                 Philadelphia, PA 19102
                                 (215) 683-5448
                                 danielle.rosenthal@phila.gov