IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY AUTRY,
        Plaintiff,  :
v.  :    Civ. No. 23-1501
  :
CITY OF PHILDELPHIA, et. al.  :
        Defendants,  :
  :

**ORDER**

    Inmate Anthony Autry, who is represented by counsel, brings four claims against the City of Philadelphia, Prison Commissioner Blanche Carney, Warden Pierre Lacombe, Deputy Warden William Vetter, Correctional Officers Romando Nicholls, Al-Hakim Lewis, Gilbert Gibson, and ten John Doe Correctional Officers. (Doc. No. 12.) On October 10, 2023, I dismissed Plaintiff's Complaint with leave to amend. (Doc. No. 9.) On November 13, 2023, Plaintiff filed his Amended Complaint, which Defendant now moves to dismiss. (Doc. Nos. 12, 14.) I will grant in part and deny in part.

**I.    STANDARD OF REVIEW**

    In deciding a motion to dismiss, I must conduct a two-part analysis. Fowler v. PMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, I must accept factual allegations, and disregard legal conclusions or mere recitations of the elements. Id. I must then determine whether the facts alleged make out a "plausible" claim. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

    As alleged, on August 11, 2022, Plaintiff was stabbed by inmates Kevin Wingfield and

1

Nibri Watson inside the Philadelphia Industrial Correctional Center. (Doc. No. 12 ¶¶ 24-25.) He was transported to Jefferson-Torresdale Hospital where he was treated for deep lacerations to his eye and puncture wounds to his back. (Id. ¶¶ 28-32.)

On the night of the attack, Correctional Officers Nicholls, Lewis, and Gibson were assigned to monitor Plaintiff's cellblock. (Id. at 15-22.) Lewis and Gibson were responsible for ensuring that the other Correctional Officers knew if inmates were assigned to a "specific level of custody," such as pre-hearing segregation. (Id. ¶ 22.) Prison Commissioner Carney, Warden Lacombe, and Deputy Warden Vetter were responsible for ensuring Prison policies and procedures were followed. (Id. ¶ 70.)

Days before Plaintiff's stabbing, inmates Wingfield and Watson "physically assaulted another inmate." (Doc. No. 12 ¶ 36.) Pursuant to Philadelphia Prison System policy, Wingfield and Watson had committed "critical infraction[s]" and were placed in pre-hearing segregation, meaning they were not allowed in general population. (Id. ¶¶ 40, 44, 48.) Inmates are placed in pre-hearing segregation if there is a "reason to believe [their] continued presence in general population would pose a serious threat to life or security of the other inmates." (Id. ¶ 46.) Nicholls, Lewis, Gibson, and the John Doe Defendants all knew of the prior assault, the pre-hearing segregation requirement, and that Wingfield and Watson were not permitted into general population at the time of Plaintiff's assault. (Id. ¶¶ 54, 56, 58.) Moreover, these Defendants were told by other inmates or Correctional Officers that Wingfield and Watson "intended to harm Plaintiff." (Id. ¶ 59.)

Minutes before Plaintiff's assault, Nicholls observed Wingfield and Watson outside their cells. (Id. ¶ 60.) Nicholls saw Wingfield and Watson approach Plaintiff and did not intervene as they attacked. (Id. ¶ 63, 65.)

Plaintiff initiated this case on April 19, 2023. (Doc. No. 1.) On October 10, 2023, I dismissed because Plaintiff failed to: (1) allege personal involvement for Defendants Carney, Lacombe, and Vetter; (2) identify a pattern of similar constitutional violations of fostering violence or deliberate indifference against the City; and (3) allege adequately failure to protect or intervene claims against the Individual Defendants. (Doc. No. 9.)

## III.   DISCUSSION

Plaintiff brings four claims against Defendants: (1) Eighth and Fourteenth Amendment § 1983 against the Individual Defendants; (2) failure to protect against the Individual Defendants; (3) failure to intervene against Nicholls, Lewis, Gibson, and John Does #1-10; and (4) *Monell* liability under § 1983 against the City based on their failure to train and supervise. (Doc. No. 12.)

### A. Claims against Commissioner Carney, Warden Lacombe, and Deputy Warden Vetter

To make out a § 1983 claim, Plaintiff must allege that each Individual Defendant was personally involved in the wrongful conduct alleged. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Personal involvement can be shown through "allegations of personal direction or of actual knowledge and acquiescence . . . [but] must be made with appropriate particularity." Rode, 845 F.2d at 1207. Allegations of *respondeat superior* will not suffice. Id. Rather, Plaintiff must plead facts that establish these Defendants "directed the alleged violation or had actual knowledge of the violation and acquiesced to it." Flowers v. Phelps, 514 F. App'x 100, 102 (3d Cir. 2013).

Plaintiff has again failed to make out a § 1983 claim against the Defendants named above. In his Amended Complaint, Plaintiff alleges that Carney, Lacombe, and Vetter "knew about [Wingfield and Watson's] prior assault" because it would have been reported to them. (Doc. No.

12 ¶ 66.) Plaintiff also alleges that these Defendants were "responsible for ensuring policies and procedures were followed [by] corrections officers." (Id. at 71.)

Plaintiff has not cured the defects that warranted dismissal of his first Complaint. Plaintiff alleges these Defendants had only general knowledge about the prior assault and fails to plead any personal involvement in the decision to allow Wingfield and Watson into general population on the day of Plaintiff's assault.

Because there are no "allegations that [these Defendants] were personally involved in the decision to house [Wingfield and Watson] in the same unit as [Plaintiff] . . . [Plaintiff's allegations are] insufficient to allege personal involvement" and his claims against these Defendants fail. See Machicote v. Smith, No. 20-cv-1315, 2022 WL 987653 at * 3 (M.D. Pa. Mar. 31, 2022); see also Savage v. Carney, No. 21-4612, 2022 WL 2047951, at *5 (E.D. Pa. Jun. 7, 2022) ("Deputy Warden Lacombe and . . . others work to ensure safety but cannot be responsible for violence unless they are aware of some fact which would put them of notice to protect [the plaintiff], especially from [other prisoners].").

Accordingly, I will dismiss the claims against Commissioner Carney, Warden Lacombe, and Deputy Warden Vetter.

### B. Claims against the City of Philadelphia

To make out a *Monell* claim, Plaintiff must allege that a City "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," caused the constitutional torts. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). The City may not be held liable for their employees' wrongful actions under a theory of *respondeat superior*. Porter v. City of Phila., 975 F.3d 374, 383 (3d Cir. 2020). For a

failure to train or supervise claim, Plaintiff must identify a "pattern of similar constitutional violations by untrained employees that puts municipal decisionmakers on notice that a new program is necessary," or that the need for training was obvious. Johnson v. City of Phila., 975 F.3d 394, 403 (3d Cir. 2020) (internal citations and quotations omitted).

Plaintiff again accuses the City of a failure to train Correctional Officers and a failure to supervise its employees. (Doc. No. 12.) Plaintiff urges that six past incidents show that the Philadelphia Prison System exhibited a pattern or "a history of failing to identify and segregate inmates who posed a 'specific and substantial' risk to other incarcerated people." (Doc. No. 17.) This, Plaintiff asserts, amounts to deliberate indifference to the rights of prisoners under the Fourth, Eighth, and Fourteenth Amendments. (Id.)

"In order to support a claim of deliberate indifference, identification of a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate that policymakers had notice of the tortious conduct and thus exhibited deliberate indifference by failing to act." Lawson v. City of Coatesville, 42 F. Supp.3d 664, 679 (E.D. Pa. 2014).

As I have discussed, Plaintiff has pled sufficient facts to show that the pre-hearing segregation policy was not followed by the individual Correctional Officers in this instance. He has failed, however, to connect the instant failure to the past examples he offers—none of which dealt with assaults where the attackers were placed on pre-hearing segregation. See Hamilton v. Reilly, No. 21-3295, 2022 WL 1227977, at *3 (E.D. Pa. Apr. 26, 2022) (citing Thomas v. Cumberland Cnty., 749 F.3d 217, 225 (3d Cir. 2014) ("The fact that inmate-on-inmate assaults occurred in the past, standing alone, is not 'sufficient to create a pattern of violations.'") As with his first Complaint, the prior incidents Plaintiff cites are "too dissimilar to show that [the City's] alleged failure to train [and supervise]" its correctional officers was the type of "conscious choice"

that allows for *Monell* liability. Lesher v. Zimmerman, No. 17-cv-4731, 2018 WL 2239560, at * 10 (E.D. Pa. May 16, 2018).

Because Plaintiff has failed to identify a pattern or policy of allowing pre-hearing segregation prisoners into general population, or acquiescence to this practice, I will dismiss his *Monell* claim.

### C. Claims against Correctional Officer Nicholls, Lewis, Gibson, and John Does 1-10

Plaintiff brings three §1983 claims against these Defendants. Plaintiff has not alleged the John Doe Defendants' personal involvement: he does not allege that these unnamed Defendants were assigned to monitor Plaintiff's cellblock during the previous or instant assaults. (See Doc. No. 12.) Accordingly, I will dismiss the claims against the John Doe Defendants because Plaintiff has failed to allege personal direction or actual knowledge of and acquiescence in the decision to permit Wingfield and Watson into the general population. See Savage, 2022 WL 2047951 at *4.

#### i. Failure to Protect

The Eighth Amendment imposes a "general duty on prison officials to protect inmates from violence by other prisoners." Nifas v. Coleman, 528 F. App'x 132, 135 (3d Cir. 2013). To make out a failure to protect claim, Plaintiff must plead facts that show: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Travillion v. Wetzel, 765 F. App'x 785, 790 (3d Cir. 2019). Under the second element, the prison official "must actually have known or been aware of the excessive risk to inmate safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001); See also Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012) (abrogated on other grounds) (to plead deliberate indifference, a plaintiff

must show that an official actually knew of a substantial risk to safety or that "the risk was obvious" such that the official must have known).

Plaintiff pleads sufficient facts to make out a failure to protect claim against Nicholls, Lewis, and Gibson. Plaintiff has alleged that these Defendants: (1) were assigned to monitor Plaintiff's cellblock the night of Plaintiff's assault; (2) knew about Wingfield and Watson's prior violent conduct; (3) were aware Wingfield and Watson were placed on pre-hearing segregation; (4) knew such a classification indicated these inmates "pose[ed] a serious threat to life or security of the other inmates;" (5) knew that Wingfield and Watson "intended to harm Plaintiff;" and (6) permitted Wingfield and Watson to join general population despite their classification. (Doc. No. 12 ¶¶ 15-22, 46, 54-58.) As alleged, these Defendants must have known the risk to which they exposed Plaintiff.

Accordingly, Plaintiff's failure to protect claims against Nicholls, Lewis, and Gibson survive Defendants' Motion.

    ii.    **Failure to Intervene**

To make out this claim, Plaintiff must allege that the Correctional Officers had a "reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641-650 (3d Cir. 2002).

Plaintiff's allegations here are insufficient. Even taking as true that Nicholls "observed Wingfield and Watson" outside their cells as they approached Plaintiff, he has failed to allege facts that support his conclusory allegation that these Defendants had a "reasonable opportunity to intervene." (Doc. No. 12 ¶¶ 60-65.) He does not explain where on the unit the assault occurred, how far away Nicholls was stationed, what events preceded the assault, how long the assault lasted,

7

"or how [Nicholls] could have reasonably prevented further harm through [his] intervention." Benson v. Delaware Cnty., No. 21-2854, 2022 WL 784475, at *3 (E.D. Pa. Mar. 15, 2022); see also id. ("More details are required to allow the Court to draw the reasonable inference that any Defendant had a realistic and reasonable opportunity to intervene.")

His claims against Gibson and Lewis are even more threadbare. He fails to allege that these Defendants even saw Wingfield and Watson outside their cells.

In these circumstances, I will dismiss Plaintiff's failure to intervene claims.

## IV.     CONCLUSION

I will thus grant Defendants' Motion to Dismiss in part. Plaintiff may proceed against Defendants Nicholls, Lewis, and Gibson on Counts I and II.

Because "[n]either inequity nor futility of amendment is present and there is no indication that Plaintiff lacks good faith or proper motives," I will permit Plaintiff leave to amend his Complaint a second time to cure the deficiencies as to the dismissed Defendants and Counts. Buoniconti v. City of Phila., 148 F. Supp.3d 425, 447 (E.D. Pa. 2015) (granting leave to file Second Amended Complaint) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

\*       \*       \*

**AND NOW**, this 26th day of February, 2024, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. No. 14) is **GRANTED in part**.

It is **FURTHER ORDERED** as follows:

1. All claims against Defendants Carney, Lacombe, Vetter, and John Does 1-10 are **DISMISSED without prejudice**;

2. Count III is **DISMISSED without prejudice;**

3. Count IV against the City of Philadelphia is **DISMISSED without prejudice**;

4. Plaintiff **SHALL** file a Second Amended Complaint or inform the Court if he intends to stand on his remaining claims **no later than March 11, 2024.** Failure to do so will result in dismissal **with prejudice** of all previously dismissed claims.

                                    **AND IT IS SO ORDERED.**

                                    */s/ Paul S. Diamond*
                                    Paul S. Diamond, J.